**Reversed and Remanded and Majority and Concurring Opinions filed August 12, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00255-CR

---

**THE STATE OF TEXAS, Appellant**

**V.**

**REYMUNDO MARTINEZ, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 2297517**

---

### CONCURRING OPINION

What public official has the legislature assigned the *duty* to represent the State on appeal in criminal cases in the courts of appeals? And if the legislature has not assigned that duty to a specific public official, will the legislature do anything to fix it?

It certainly used to be very clear whose duty it was. In the 1856 Old Code, the legislature assigned the duty of appellate representation in the Supreme Court

of Texas to the attorney general and trial representation to the district attorney.[1] In 1875, the legislature changed the State's counsel on appeal to the assistant attorney general appointed by the governor.[2] The assistant attorney general could also represent the State in district court when so assigned.[3]

1876 brought a new constitution that removed appellate jurisdiction over criminal matters from the Supreme Court of Texas and placed that jurisdiction on the newly created "Old" Court of Appeals of Texas.[4] In 1876, the legislature also

---

[1] 1856 Code of Criminal Procedure, 6th Leg., Adj. S., § 1, arts. 28, 30, 1856 Tex. Code Crim. Proc. 4, 9, 10:

ARTICLE 28. It is the duty of the Attorney General to represent the State in all criminal cases in the Supreme Court, except in cases where he may have been employed adversely to the State previously to his election: and he shall not, except in such cases, appear as counsel against the State in any Court.

. . . .

ART. 30. It is the duty of each District Attorney to represent the State in all criminal cases, in the District Courts of his District, except in cases where has been before his election employed adversely, and he shall not, except in such case, appear as counsel against the State in any Court.

[2] Act approved Mar. 15, 1875, 14th Leg., 2d C.S., ch. 122, 1875 Tex. Gen. Laws 179, 179–80:

SECTION 1. *Be it enacted by, the Legislature of the State of Texas*, That section two of the act, to which this is a supplement, shall read as follows: The Assistant Attorney General shall be appointed by the Governor, by and with the advice and consent of the Senate; he shall hold his office for four years, he shall assist the Attorney General in representing the interests of the State in all suits and pleas in the Supreme Court of the State, and in the district courts whenever he may be so required by the Governor or the Attorney General, and shall, in addition thereto, perform such other duties as may be required by law or by the Governor or Attorney General; provided, that the term of office of Assistant Attorney General shall be the same and expire with that of the Attorney General.

[3] *Id.*

[4] Tex. Const. art. V., §§ 5, 6 (amended 1891); Tex. Ord. § 1 (Nov. 22, 1875), 1875 Tex. Constitutional J. 3, 772 ("If a majority of all the votes cast at said election, and returned to the Secretary of State, shall be in favor of ratification, the Governor shall within five days next succeeding the return day issue his proclamation declaring the fact, and then the new constitution shall, on the third Tuesday in April, A. D. 1876 [April 18, 1876], become, and therefore be, the organic and fundamental law of the State.").

introduced the county attorney with (1) the duty to represent the State at trial in the district, constitutional county, and justice courts, (2) the duty to represent the State in the county and inferior courts such as justice courts and corporation (municipal) courts, as well as (3) the duty to represent the State in district court when the district attorney was absent or at the request of the district attorney.[5][6]

The 1879 Code of Criminal Procedure codified the attorney general's duty to represent the State on appeal in the "Old" Court of Appeals of Texas and the duties

---

[5] Act approved Aug. 7, 1876, 15th Leg., R.S., ch. 79, 1876 Tex. Gen. Laws 85, 85:

SECTION 1. *Be it enacted by the Legislature of the State of Texas*, That it shall be the duty of each County Attorney to attend all terms of the District and County Courts, and all criminal prosecutions before Justices of the Peace when notified of the pendency of such prosecutions; and, when not prevented by other official duties, to conduct all prosecutions for crimes and offences cognizable in such courts; to prosecute and defend all other actions in which the State or county is interested, and to perform such other duties as may be prescribed by the Constitution and laws of the State. They shall severally reside within the county for which they were elected, and shall notify the Attorney-General and Comptroller of Public Accounts of their post-office address.

[6] Act approved Aug. 21, 1876, 15th Leg., R.S., ch. 160, 1876 Tex. Gen. Laws 283, 283:

SECTION 1. *Be it enacted by the Legislature of the State of Texas*, That the powers and duties of District Attorneys, including the Attorney for the Criminal District Court of the counties of Galveston and Harris, shall be the same as is now or may hereafter be proscribed by law, subject, however, to the following restrictions.

SEC. 2. That in counties where there is a County Attorney, it shall be his duty to attend the terms of the County and inferior Courts of his county, and to represent the State in all criminal cases under examination or prosecution in said county, and also to attend the terms of the District Court, and to represent the State in all cases in said court, during the absence of the District Attorney, and to aid the District Attorney when so requested. And when representing the State in the District Court, during the absence of the District Attorney, he shall be entitled to and receive the fees allowed by law to the said District Attorney, and when he shall, at the request of the District Attorney, aid him in examinations or trial of any case, lie shall receive one-half of the fee or fees, and the District Attorney shall have and receive the other half of the fee allowed by law in such cases.

SEC. 3. That all laws and parts of laws in conflict with this act be and the same are hereby repealed.

of the district attorney and county attorney, with the district attorney representing the State in district court and the county attorney representing the State in the constitutional county court and other inferior courts such as the justice courts and corporation (municipal) courts, as well as representing the State in district court when the district attorney was absent or at the request of the district attorney.[7]

Also in 1879, the legislature codified in the Revised Statutes the duties of the assistant attorney general to assist the attorney general in representing the interests of the State on appeal, beginning a legislative practice of splitting the

---

[7] 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 2 (Code of Criminal Procedure), arts. 28, 31, 33, § 3 (repealer), 1879 Tex. Crim. Stat. n.p. (Penal Code), n.p., 4, 5, 157 (Code of Criminal Procedure):

> ARTICLE 28. It is the duty of the attorney-general to represent the state in all criminal cases in the court of appeals, except in cases where he may have been employed adversely to the state, previously to his election; and he shall not appear as counsel against the state in any court.
>
> . . . .
>
> ART. 31. It is the duty of each district attorney to represent the state in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely, and he shall not appeal as counsel against the state, in any court, and he shall not, after the expiration of his term of office, appear as counsel against the state in any case in which he may have appeared as counsel for the state.
>
> . . . .
>
> ART. 33. It shall be the duty of the county attorney to attend the terms of the county and inferior courts of his county, and to represent the state in all criminal cases under examination or prosecution in said courts. He shall attend all criminal prosecutions before justices of the peace in his county, when notified of the pendency of such prosecutions, and when not prevented by other official duties. He shall conduct all prosecutions for crimes and offenses cognizable in such county and inferior courts of his county, and shall prosecute and defend all other actions in such courts in which the state or the county is interested. He shall also attend the terms of the district court in his county, and if there be a district attorney of the district including such county, and such district attorney be in attendance upon such court, the county attorney shall aid him when so requested, and when there is no such district attorney, or when he is absent, the county attorney shall represent the state in such court and perform the duties required by law of district attorneys.

assignment of duties of prosecuting attorneys between the Code of Criminal Procedure and the Revised Statutes (and dropping the explicit term "duty" in the Revised Statutes in reference to "representing the interests" of the State in criminal appeals).[8]

The 1895 codification of the Code of Criminal Procedure and Revised Statutes maintained the status quo on the courts in which the prosecuting attorneys represented the State in criminal cases at trial and on appeal, although the transformation of the "Old" Court of Appeals of Texas into the Court of Criminal Appeals of Texas was not specifically recognized.[9] [10] [11]

---

[8] 1879 Revised Statutes, 16th Leg., R.S., § 1, arts. 2809, 2810, 1879 Tex. Rev. Civ. Stat. 2, 406:

> Art. 2809. The governor shall appoint, by and with the advice and consent of the senate, if in session, an officer to be styled the "assistant attorney-general," who shall hold his office for the term of two years, and until the election and qualification of his successor.
>
> Art. 2810. In case of the absence or inability to act of the attorney-general, the assistant attorney-general shall discharge the duties devolved by law upon said officer, and he shall also assist the attorney-general in representing the interests of the state in all suits, pleas and prosecutions in the supreme court and court of appeals.

[9] 1895 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2 (Code of Criminal Procedure), arts. 27, 30, 32, § 3 (repealer), 1895 Tex. Crim. Stat. 2 (Penal Code), 2, 6, 7, 3, 182 (Code of Criminal Procedure):

> Article 27. [28] It is the duty of the attorney general to represent the state in all criminal cases in the courts of appeals, except in cases where he may have been employed adversely to the state, previously to his election; and he shall not appear as counsel against the state in any court.
>
> . . . .
>
> Art. 30. [31] It is the duty of each district attorney to represent the state in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely, and he shall not appear as counsel against the state in any court, and he shall not, after the expiration of his term of office, appear as counsel against the state in any case in which he may have appeared for the state.
>
> . . . .

In 1903, the legislature created the "first office assistant" of the attorney general in addition to the assistant attorney general.[12]

---

Art. 32. [33] It shall be the duty of the county attorney to attend the terms of the county and inferior courts of his county and to represent the state in all criminal cases under examination or prosecution in said courts. He shall attend all criminal prosecutions before justices of the peace in his county when notified of the pendency of such prosecutions and when not prevented by other official duties. He shall conduct all prosecutions for crimes and offenses cognizable in such county, and inferior courts of his county, and shall prosecute and defend all other actions in such courts in which the state or the county is interested. He shall also attend the terms of the district court in his county, and if there be a district attorney of the district including such county, and such district attorney be in attendance upon such court, the county attorney shall aid him when so requested, and when there is no such district attorney, or when he is absent, the county attorney shall represent the state in such court and perform the duties required by law of district attorneys.

[10] 1895 Revised Statutes, 24th Leg., R.S., § 1, arts. 2904, 2905, 2906, § 4 (repealer), 1895 Tex. Rev. Civ. Stat. n.p., 559, 560, 1103:

Art. 2904. [2809] The governor shall appoint, by and with the advice and consent of the senate, if in session, an officer to be styled the "assistant attorney-general," who shall hold his office for the term of two years, and until the election and qualification of his successor.

Art. 2905. [2810] In case of the absence or inability to act of the attorney-general, the assistant attorney-general shall discharge the duties devolved by law upon said officer, and he shall also assist the attorney-general in representing the interests of the state in all suits, pleas and prosecutions in the supreme court and courts of appeals.

Art. 2906. [2811] The assistant attorney-general shall represent. the state in all cases in the district or inferior courts of any county when required so to do by the governor or attorney-general ; and he shall, in addition thereto, perform such other duties as may be required of him by law or by the governor or attorney-general.

[11] Tex. Const. art. V, §§ 4, 5 (amended 1966, 1977, 1981, 2001).

[12] Act approved Mar. 31, 1903, 28th Leg., R.S., ch. 91, 1903 Tex. Gen. Laws 117, 117:

SECTION 1. That in case of the absence or inability to act of the Attorney General the first office assistant of the Attorney General shall discharge the duties which devolve by law upon the Attorney General.

SEC. 2. The fact that there is no law at present authorizing the first office assistant of the Attorney General to discharge the duties which devolve upon the Attorney General, in case of his absence or inability to act creates an emergency

The 1911 codification of the Code of Criminal Procedure and Revised Statutes again maintained the status quo on the courts in which the prosecuting attorneys represented the State in criminal cases at trial and on appeal, using the term "duty" in the Code of Criminal Procedure, but not explicitly in the Revised Statutes.[13] [14] [15]

---

and imperative public necessity that the Constitutional rule requiring bills to be read on three several days be suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted.

[13] 1911 Penal Code and Code of Criminal Procedure, 32d Leg., R.S., § 2 (Code of Criminal Procedure), arts. 27, 30, 32, 1911 Tex. Crim. Stat. n. p. (Penal Code), n.p., 10, 11 (no repealer):

Article 27. [28] **Attorney general shall represent the state.**—It is the duty of the attorney general to represent the state in all criminal cases in the courts of appeals, except in cases where he may have been employed adversely to the state, previously to his election; and he shall not appear as counsel against the state in any court. [O. C. 28.]

. . . .

Art. 30. [31] **Duties of district attorneys.**—It is the duty of each district attorney to represent the state in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely; and he shall not appear as counsel against the state in any court; and he shall not, after the expiration of his term of office, appear as counsel against the state in any case in which he may have appeared for the state. [O. C. 30.]

. . . .

Art. 32. [33] **Duties of county attorneys.** —It shall be the duty of the county attorney to attend the terms of the county and inferior courts of his county, and to represent the state in all criminal cases under examination or prosecution in said courts. He shall attend all criminal prosecutions before justices of the peace in his county when notified of the pendency of such prosecutions and when not prevented by other official duties. He shall conduct all prosecutions for crimes and offenses cognizable in such county and inferior courts of his county, and shall prosecute and defend all other actions in such courts in which the state or the county is interested. He shall also attend the terms of the district court in his county; and, if there be a district attorney of the district including such county, and such district attorney be in attendance upon such court, the county attorney shall aid him when so requested; and when there is no such district attorney, or when he is absent, the county attorney shall represent the state in such court and perform, the duties required by law of district attorneys.

[14] 1911 Revised Statutes, 32d Leg., R.S., § 1, arts. 4431–33, § 4 (repealer), 1911 Tex. Rev. Civ. Stat. 2, 896, 1719:

Art. 4431. **First office assistant to act, when.**—In case of the absence or inability to act of the attorney general, the first office assistant of the attorney general shall discharge the duties which devolve by law upon the attorney general. [Act 1903, p. 117, sec. 1]

Art. 4432. [2904] **Assistant attorney general.**—The governor shall appoint, by and with the advice and consent of the senate, if in session an officer to be styled the assistant attorney general, who shall hold his office for the term of two years, and until the election and qualification of his successor. The assistant attorney general shall assist the attorney general in representing the interests of the state in all suits, pleas and prosecutions in the supreme court and courts of appeal. [Acts March 15, 1875, p. 179. Acts 1903, p. 117.]

Art. 4433. [2906] **Further duties.**—The assistant attorney general shall represent the state in all cases in the district or inferior courts of any county when required to do so by the governor of the attorney general; and he shall, in addition thereto, perform other duties as may be required of him by law or by the governor or the attorney general. [Id.]

[15] Act approved Mar. 30, 1923, 38th Leg., R.S., ch. 156, 1923 Tex. Gen. Laws 335, 335:

SECTION 1. That Article 4432, Title 65, Chapter 5, Revised Civil Statutes of Texas, 1911, be amended so as to hereafter read as follows:

Article 4432. The Governor shall appoint, by and with the advice and consent of the Senate, an attorney for the State before the Court of Criminal Appeals of Texas and who shall hold office for the term of two years, and until the appointment and qualification of his successor. Said attorney shall represent the interest of the State in all appeals, pleas, suits and prosecutions in the Court of Criminal Appeals of Texas, said attorney shall have had not less than four years experience as a practicing attorney in this State.

SEC. 2. That Article 7060, Title 120, Chapter 3, Revised Civil Statutes of Texas, 1911, be amended so as to hereafter read as follows:

Article 7060. The Governor shall appoint, by and with the advice and consent of the Senate, an assistant to the attorney for the State before the Court of Criminal Appeals of Texas, and who shall hold office for the term of two years, provided that the term of office of said assistant shall expire with that of the attorney named. Said assistant shall take the oath of office and assist said State's attorney in representing the interest of the State in the Court of Criminal Appeals of Texas. The assistant to the attorney for the State before the Court of Criminal Appeals of Texas shall be an attorney of not less than four years experience as a practicing attorney or shall have been a district judge for not less than four years before his appointment.

SEC. 3. That all laws and parts of laws in conflict herewith are hereby

A major change occurred in 1923, when the legislature changed the Revised Statutes so that the assistant attorney general who represented the interests of the State in criminal appeals became "an attorney for the State before the Court of Criminal Appeals," creating what is now known as the state prosecuting attorney. No explicit change was made in 1923 to Code of Criminal Procedure article 27.

When the legislature codified the Code of Criminal Procedure and Revised Statutes in 1925, the prosecuting attorney for the State on appeal was removed from the Code of Criminal Procedure and was authorized in the Revised Statutes.[16][17] From this time forward, the prosecuting attorney representing the

___

repealed.

SEC. 4. The fact that the docket of the Court of Criminal Appeals is so crowded that one attorney for the State cannot properly brief and argue cases submitted to the court, and the further fact that the State should be adequately represented before the Court of Criminal Appeals create an emergency and an imperative public necessity, demanding the suspension of the rules requiring bills to be read on three several days, and said rule is hereby suspended and this Act shall take effect and be in force from and after its passage, and it is so enacted.

[16] 1925 Penal Code and Code of Criminal Procedure, 39th Leg., R.S., § 2 (Code of Criminal Procedure), arts. 25, 26, § 3, art. 1 (repealer), 1925 Tex. Crim. Stat. 2 (Penal Code), 2, 6, 181:

Art. 25. [30] [31] **Duties of district attorneys.**—Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. . . . [O. C. 30-31.]

Art. 26. [32] [33] **Duties of county attorneys.**—The county attorney shall attend the terms of all courts in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone, or when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court, and in such cases he shall receive all or one-half of the fees allowed by law to district attorneys, according as he acted alone or jointly.

[17] 1925 Revised Statutes, 39th Leg., R.S., § 1, art. 1811, § 2 (repealer), 1925 Tex. Rev. Civ. Stat. 2, 510, 2419:

Art. 1811. **State Prosecuting Attorneys.**—The Governor, with the consent of the Senate, shall biennially appoint two attorneys for the State in all

9

interests of the State on appeal no longer appeared in the Code of Criminal Procedure. The legislature amended the duties of the state prosecuting attorney in 1931.[18]

The current Code of Criminal Procedure was adopted by the legislature in 1965 and discusses the duties of district and county attorneys, but not the state prosecuting attorney.[19] After the enactment of the current Code of Criminal

---

proceedings before the Court of Criminal Appeals, one of whom shall be styled "State Prosecuting Attorney", and the other "Assistant State Prosecuting Attorney", each said attorney to hold office for two years, and each of whom shall have had not less than four years experience as a practicing attorney or shall have been a district judge for not less than four years before his appointment. [Acts 1923, p. 335.]

[18] Act approved May 18, 1931, 42d Leg., R.S., ch. 139, § 1, 1931 Tex. Gen. Laws 234, 234:

Amend Article 1811, Revised Civil Statutes of 1925, so as to hereafter read as follows:

"The Court of Criminal Appeals shall appoint an attorney to represent the State in all proceedings before said Court, to be styled 'State Prosecuting Attorney,' who shall take and subscribe the official oath, hold office for a term of two (2) years and until his successor is appointed and qualified, and who shall have had at least five (5) years experience as a practicing attorney in this State in criminal cases. All the duties and matters incumbent upon, or in any manner incident or relative to the office of 'Assistant State Prosecuting Attorney,' as now provided by law, are hereby transferred to, and made additional to those now provided by law for the State Prosecuting Attorney. For cause the Court of Criminal Appeals shall have power to remove from office State Prosecuting Attorneys.["]

[19] Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, arts. 2.01, 2.02, 54.02 (repealer), [2] 1965 Tex. Gen. Laws 317, 324, 563:

Article 2.01 [25] [30] [31] Duties of district attorneys

Each district attorney shall represent the State in all criminal cases in the district courts of his district, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within his district, he shall represent the State therein, unless prevented by other official duties. It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but

10

Procedure, the legislature amended the Revised Statutes concerning the duties of the state prosecuting attorney in 1973 and 1977.[20] [21]

---

to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused.

Art. 2.02 [26] [32] [33] Duties of county attorneys

The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court.

[20] Act of May 25, 1973, 63d Leg., R.S., ch. 498, § 1, 1973 Tex. Gen. Laws 1328, 1328:

Article 1811 of the Revised Civil Statutes of Texas is amended to read as follows:

**"Art. 1811. State Prosecuting Attorneys**

"The Court of Criminal Appeals shall appoint an attorney to represent the State in all proceedings before said Court, to be styled 'State Prosecuting Attorney,' who shall take and subscribe the official oath, hold office for a term of two (2) years and until his successor is appointed and qualified, and who shall have had at least five (5) years experience as a practicing attorney in this State in criminal cases. The State Prosecuting Attorney may also appoint one or more Assistant State Prosecuting Attorneys. Assistant State Prosecuting Attorneys shall have the same qualifications, the same duties, and the same term of office as the State Prosecuting Attorney. For good cause, the Court of Criminal Appeals shall have power to remove from office State Prosecuting Attorneys."

[21] Act of May 12, 1977, 65th Leg., R.S., ch. 256, § 1, 1973 Tex. Gen. Laws 675, 675:

Article 1811, Revised Civil Statutes of Texas, 1925, as amended, is amended to read as follows:

**"Art. 1811. State Prosecuting Attorneys**

"The Court of Criminal Appeals shall appoint an attorney to represent the State in all proceedings before said Court, to be styled 'State Prosecuting Attorney,' who shall take and subscribe the official oath, hold office for a term of two (2) years and until his successor is appointed and qualified, and who shall have had at least five (5) years experience as a practicing attorney in this State in criminal cases. The State Prosecuting Attorney may also appoint one or more Assistant State Prosecuting Attorneys. Assistant State Prosecuting Attorneys shall have the same duties and the same term of office as the State Prosecuting Attorney. For good cause, the Court of Criminal Appeals shall have power to remove from office State Prosecuting Attorneys."

This brings us to 1980 and the grant of criminal appellate jurisdiction to the courts of appeals effective September 1, 1981.[22] [23] The legislature amended Revised Statutes article 1811 by adding the following:

> District and county attorneys may provide assistance to the State Prosecuting Attorney in representing the State before the Court of Criminal Appeals. *The State Prosecuting Attorney may provide assistance to district and county attorneys in representing the State before the Courts of Appeals when requested to do so by the district or county attorney. The State Prosecuting Attorney may also represent the State in any stage of a criminal case before the Courts of Appeals when, in his judgment, the interests of the State so require.*[24]

That is all the legislature did to define who represents the State in criminal appeals

---

[22] Tex. Const. art. V, § 6 , Tex. S.J.R. 36, §§ 5, 7, 66th Leg., R.S., 1979 Tex. Gen. Laws 3223, 3224–25 (creating intermediate criminal appellate jurisdiction in courts of appeals), 3226 (Sept. 1, 1981 effective date) (amended 1985, 2001).

[23] Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 30, 1981 Tex. Gen. Laws 761, 776:

Article 1811, Revised Civil Statutes of Texas, 1925, as amended, is amended to read as follows:

**"Art. 1811. State Prosecuting Attorneys**

"The Court of Criminal Appeals shall appoint an attorney to represent the State in all proceedings before said Court, to be styled 'State Prosecuting Attorney,' who shall take and subscribe the official oath, hold office for a term of two (2) years and until his successor is appointed and qualified, and who shall have had at least five (5) years experience as a practicing attorney in this State in criminal cases. The State Prosecuting Attorney may also appoint one or more Assistant State Prosecuting Attorneys. Assistant State Prosecuting Attorneys shall have the same duties and the same term of office as the State Prosecuting Attorney. For good cause, the Court of Criminal Appeals shall have power to remove from office State Prosecuting Attorneys. District and county attorneys may provide assistance to the State Prosecuting Attorney in representing the State before the Court of Criminal Appeals. The State Prosecuting Attorney may provide assistance to district and county attorneys in representing the State before the Courts of Appeals when requested to do so by the district or county attorney. The State Prosecuting Attorney may also represent the State in any stage of a criminal case before the Courts of Appeals when, in his judgment, the interests of the State so require."

[24] *Id.* (emphasis added).

12

in the courts of appeals. Nothing was added to the Code of Criminal Procedure. The legislature codified this less-than-clear delegation of responsibility to represent the State in criminal appeals in the courts of appeals as part of Government Code title 2, chapter 42, "STATE PROSECUTING ATTORNEY."[25] The relevant

---

[25] Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, secs. 42.001–.006, § 26 (repealer), 1985 Tex. Gen Laws 1720, 1921–22, 2048:

> Sec. 42.001. OFFICE; QUALIFICATIONS. (a) The court of criminal appeals shall appoint a state prosecuting attorney to represent the state in all proceedings before the court. The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state.
>
> (b) A person appointed to the office of state prosecuting attorney must have at least five years' experience as an attorney in the practice of criminal law in this state. (V.A.C.S. Art. 1811 (part).)
>
> Sec. 42.002. OATH; TERM. (a) The state prosecuting attorney must take the oath required of state officials.
>
> (b) The state prosecuting attorney serves a two-year term and continues to serve until a successor is appointed and has qualified. (V.A.C.S. Art. 1811 (part).)
>
> Sec. 42.003. ASSISTANT STATE PROSECUTING ATTORNEYS. The state prosecuting attorney may appoint one or more assistant state prosecuting attorneys. An assistant state prosecuting attorney has the same duties and serves the same term of office as the state prosecuting attorney. (V.A.C.S. Art. 1811 (part).)
>
> Sec. 42.004. REMOVAL. The court of criminal appeals may remove state prosecuting attorneys from office for good cause. (V.A.C.S. Art. 1811 (part).)
>
> Sec. 42.005. COOPERATION WITH OTHER PROSECUTING ATTORNEYS. (a) The state prosecuting attorney may assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county attorney.
>
> (b) A district or county attorney may assist the state prosecuting attorney in representing the state before the court of criminal appeals. (V.A.C.S. Art. 1811 (part).)
>
> Sec. 42.006. SUNSET PROVISION. The office of the state prosecuting attorney is subject to the Texas Sunset Act (Article 5429k, Vernon's Texas Civil Statutes). Unless continued in existence as provided by that Act, the office is abolished effective September 1, 1987 (V.A.C.S. Art. 1811aa.)

Government Code section 42.006 repealed by Act of May 30, 1999, 76th Leg., R.S., ch. 1449, § 5.01(1), 1999 Tex. Gen. Laws 4921, 4923.

provisions are: "The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state."; and, "The state prosecuting attorney may assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county attorney."[26]

It is fair to say that no general statute directly assigns responsibility to a prosecuting attorney to represent the State in criminal appeals in the courts of appeals. Section 30 of the 1981 act implementing the 1980 constitutional amendment that created criminal jurisdiction in the former courts of civil appeals is as good as it gets to explain what the legislature intended, and the legislature has added no general substance for 30 years.

Can the legislature directly assign responsibility for State's appeals? Certainly, and it did a great job in 1856. Has it done a great job assigning responsibility for the State's appeals in the intermediate courts of appeals? Absolutely not. The current muddle says the "state prosecuting attorney *may* also represent the state" in the courts of appeals, and the "state prosecuting attorney *may* assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county attorney."[27] The Code Construction Act states that "may" "creates discretionary authority or grants permission or a power."[28] That "may" certainly does not assign a duty to prosecute criminal appeals in the courts of appeals to the state prosecuting attorney. The

---

[26] Tex. Gov't Code Ann. §§ 42.001(a), 005(a).

[27] *See supra* note 22 (emphasis added).

[28] Code Construction Act, Tex. Gov't Code Ann. § 311.016(1); *see* Code Construction Act, Tex. Gov't Code Ann. § 311.002(1) (application of Code Construction Act to "each code enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision program.").

operative verb to assign such duty would be "shall": "'Shall' imposes a duty."[29]

So we are left with who has the general duty to represent the state in the courts of appeals. Well, if the "state prosecuting attorney may assist a district or a county attorney in representing the state before a court of appeals if requested to do so by the district or county attorney," then we are left with the implication that the district or county attorney *can* represent the state before the courts of appeals, but does not necessarily have a *duty* to represent the state before the courts of appeals. While that is a terrible way to draft a statute, reading it to not provide for any public official who *can* represent the state in the courts of appeals would lead to an absurd result. We just don't do that.[30] But the legislature should not do nothing and take comfort that what it wrote is saved by the no-absurd-result doctrine—the legislature should act to create a duty for a prosecuting attorney to represent the state in criminal appeals in the courts of appeals.

But will the legislature do something? Unfortunately, the odds are low. To my knowledge, no public servant in the legislative department of our state government is tasked with reading appellate-court opinions and summarizing for the next session of the legislature what we in the judicial department have done or said. To my knowledge this last happened in 2000 when the legislature was less than pleased with the supreme court's decision in *Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278 (Tex. 1999), and the speaker of the house appointed a

---

[29] Code Construction Act, Tex. Gov't Code Ann. § 311.016(2).

[30] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) ("There is, of course, a legitimate exception to this plain meaning rule: where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally. . . . When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch, which we assume would not act in an absurd way."); *see* Code Construction Act, Tex. Gov't Code Ann. §§ 311.021, .023 (intention in enactment of statutes; statute construction aids).

select interim committee on judicial interpretations.[31] [32] That committee found:

> [t]hat the Texas Legislative Council, within existing resources, is able to and should perform an ongoing review of appellate decisions in which courts have:
> a) Clearly failed to implement legislative purposes;
> b) Found two or more statutes to be in conflict;
> c) Held a statute to be unconstitutional;
> d) Expressly found a statute to be ambiguous;
> e) Expressly suggested legislative action; or
> f) Changed common law doctrines.
>
> A report summarizing the review should be prepared by Legislative Council prior to each regular legislative session and distributed to the chair of each standing substantive committees of the House and the Senate, as well as the presiding office of each chamber. The report should only inform the committees and leadership of any appellate decisions as described above, without specific recommendations for statutory change.[33]

Without expressing an opinion of the *Fleming Foods* kerfuffle, I believe

---

[31] House Select Comm. on Judicial Interpretations, Interim Report to the 77th Leg., 76th Leg., R.S. (2000).

[32] As a separate section of a 2001 enrolled bill that sought to add two new sections to the Code Construction Act, Government Code chapter 311, the legislature voiced its disapproval of *Fleming*:

> The legislature finds the decision of the Texas Supreme Court in *Fleming Foods of Texas, Inc., v. Rylander,* 6 S.W.3d 278 (Tex. 1999), to be inconsistent with the clear and repeatedly expressed intent of the legislature in the enactment of the Tax Code and other nonsubstantive codes enacted under the state's continuing statutory revision program under Section 323.007, Government Code. The absence of any legislative action subsequent to the holding in *Fleming Foods of Texas, Inc., v. Rylander* shall not be construed as legislative acceptance of the holding in that case.

Tex. H.B. 2809, § 3, 77th Leg., R.S. (2001). The governor disagreed with the amendments to the Code Construction Act and vetoed the bill. Veto Message of Gov. Perry, Tex. H.B. 2809, 77th Leg., R.S. (2001) ("House Bill No. 2809 would fundamentally alter the manner in which Texas courts interpret the written laws of Texas. Besides implicating separation of powers concerns, this bill would tend to make it more difficult for ordinary Texans to ascertain the laws they are bound to obey."). The governor did not comment on the legislative disapproval of *Fleming*.

[33] *Id.* at 43.

Speaker Laney wisely appointed an interim committee to study what the judiciary did and make recommendations for possible legislative action. Otherwise, it speaks to a serious lack of coordination between the departments of government for the appellate courts to write opinions addressing problems with statutory law that no one in the legislative department reads.

The legislature can clearly assign prosecutorial responsibility as it did in the 19th century by amending Code of Criminal Procedure articles 2.01 and 2.02 to assign—explicitly—the duty to represent the state in criminal appeals in the courts of appeals to district and county attorneys.[34] I hope the legislature does.

I concur in the judgment.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Spain, Hassan, and Poissant (Hassan, J., majority).

Publish — Tex. R. App. P. 47.2(b).

---

[34] Tex. Code Crim. Proc. Ann. arts. 2.01, .02.

17